# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF WYOMING

---

B.V. Reomie Automateriaal,

      Plaintiff,

    v.

IDE Invest and Real Estate, LLC,

      Defendant.

Case No. 22-CV-00091-SWS

---

## ORDER DENYING DEFENDANT'S MOTION TO SET ASIDE (ECF NO. 20)

---

This matter comes before the Court on Defendant's *Motion to Set Aside Entry of Default and Default Judgment*. (ECF No. 20.)  Plaintiff responded on October 18, 2022. (ECF No. 25.) Defendant filed a reply on October 25, 2022 (ECF No. 26.) Having considered the parties' arguments, reviewed the record herein, and being fully advised upon the matter, the Court DENIES the Motion.

## BACKGROUND

Plaintiff, B.V. Reomie Automateriaal ("Reomie"), a private company formed under Dutch law with its principal place of business in the Netherlands, brought this action seeking damages against Defendant, IDE Invest and Real Estate, LLC ("IDE"), for intentional interference with prospective economic advantage and intentional misrepresentation arising out of a land purchase and proposed development in the Netherlands. (ECF No. 1.) Reomie initiated this lawsuit against IDE on April 26, 2022, asserting diversity jurisdiction based upon IDE being "incorporated in the

State of Wyoming and has its principal place of business in this state." (*Id.* at 2.)[1] The Summons and Complaint were served on IDE's registered agent in Sheridan, Wyoming that same day: April 26, 2022. (ECF No. 5, 6.) IDE was required to serve an answer or response to the Complaint within twenty-one (21) days after the date of service, which was May 17, 2022. (*See id.*) IDE's deadline to plead or defend expired on May 17, 2022. Upon verification of service, the Clerk of Court entered default against IDE on May 18, 2022, after IDE's deadline to plead or defend had expired without a response. (ECF No. 8.) Reomie moved for a Default Judgment on June 15, 2022 (ECF No. 9), which this Court granted on July 12, 2022 (ECF No. 12). Default Judgment in favor of Reomie against IDE was entered on July 14, 2022, in the amount of $5,749,394.41, plus post judgment interest at the statutory rate of 2.86% in accordance with 28 U.S.C. § 1961. (ECF No. 13.)

After a month passed counsel for IDE filed an appearance in this case on August 13, 2022 (ECF No. 14.) On the same day, IDE's counsel moved to quash subpoenas Reomie had served on internet domain and email address providers, seeking to identity the name, address and contact information for the customer who held those sites and emails associated with IDE. (ECF No. 15). Unsuccessful in their quest, IDE, over a month later, on September 22, 2022, then and only then moved to set aside the default judgment. (ECF No. 20.)

## JURISDICTION

As a threshold matter this Court must determine whether it has subject matter jurisdiction over this dispute. *Shaw v. AAA Eng'g & Drafting, Inc.*, 138 F. App'x 62, 67 (10th Cir. 2005) (unpublished) (despite absence of either party challenging subject matter jurisdiction district court

---

[1] This is incorrect. LLCs are not "incorporated" but rather are to be treated as "unincorporated associations" for purposes of determining diversity jurisdiction under 28 U.S.C. § 1332(a). *See Mgmt. Nominees, Inc. v. Alderney Invs, LLC*, 813 F.3d 1321, 1323–24 (10th Cir. 2016).

was required to *sua sponte* satisfy itself that subject matter jurisdiction exists). In doing so this Court is not limited to the Complaint but may consider other documents referenced by the parties and take judicial notice of its own files and records as well as facts which are a matter of public record. *See Van Woudenberg ex rel. Foor v. Gibson*, 211 F.3d 560, 568 (10th Cir. 2000), *abrogated on other grounds by McGregor v. Gibson*, 248 F.3d 946 (10th Cir. 2001). IDE is a Wyoming Limited Liability Company, and the Court takes notice of IDE's Articles of Organization which lists its principal office in Sheridan, Wyoming. *See* WY SEC. OF STATE, Bus. Ctr., "IDE invest and real estate, LLC," *Initial Filing* (July 21, 2020), https://wyobiz.wyo.gov/Business/FilingDetails.aspx?eFNum=11802312222210148060088002021159099213024233049#:~:text=Initial%20Filing%20%2D%20See-,Filing,-ID%C2%A0. But this does not resolve the concern over subject matter jurisdiction because for jurisdictional purposes IDE's citizenship is derivative of the citizenship of its members. *Siloam Springs Hotel, L.L.C. v. Century Sur. Co.*, 781 F.3d 1233, 1237–38 (10th Cir. 2015); *Mgmt. Nominees, Inc. v. Alderney Invs., LLC*, 813 F.3d 1321, 1323–24 (10th Cir. 2016). The potential rub is that since Reomie is a foreign entity created under Dutch law, if IDE's members are also foreign citizens, this Court lacks diversity jurisdiction. *Id*. at 1325 (citing with approval *Grupo Dataflux v. Atlas Global Grp., L.P.*, 541 U.S. 567, 569 (2004) (where neither plaintiffs nor defendants are United States citizens requisite diversity is absent)). On the other hand if IDE's members are citizens of states in the United States, there is diversity jurisdiction. *See Bayerische Landesbank, N.Y. Branch v. Aladdin Cap. Mgmt. LLC*, 692 F.3d 42, 49 (2nd Cir. 2012) (Federal courts have diversity jurisdiction over cases between citizens of the United States and citizens of foreign states); 28 U.S.C. § 1332(a).

The absence of an allegation by Reomie as to the citizenship of IDE's members is unfortunately a function, or more accurately a dysfunction, of the Wyoming Limited Liability Company Act (hereinafter "Wyoming Act"), WYO. STAT. §§ 17–29–101 *et seq.*  Regrettably, and

probably intentionally, the Wyoming Act does not require the identification or registration of *any* individuals, members or managers of a Wyoming LLC. This "feature" has in turn created many undesirable problems, not just limited to this Court's. *See* JANE G. GRAVELLE, CONG. RSCH. SERV., R40623, TAX HAVENS: INTERNATIONAL TAX AVOIDANCE AND EVASION 7–10, 29 (2022). Given the legal analysis required for determining jurisdiction, enabling anonymity of Wyoming LLCs' members creates an absolute nightmare for Federal Courts in sorting out their place(s) of citizenship, which are determinative of whether they have subject matter and personal jurisdiction. The Court notes this case is not the first nor an anomaly—it is one of several where a Wyoming LLC has been sued with unnamed and unidentifiable members, many of which have a foreign origin or citizenship. That being said, in this case, it does not appear this Court lacks subject matter jurisdiction for several reasons and further, Defendant has waived any objection to personal jurisdiction.

First, IDE is not identified or registered as a Foreign limited liability company. *See* WYO. STAT. § 17–29–114; WY SEC. OF STATE, *Initial Filing*. Thus, one would presume that it is operating legally and not a foreign entity or wholly comprised of foreign citizens. In addition, the Affidavit[2] of a Lilly Sophie Smith (ECF No. 20-3 at 1 [Exh. 2]), who purports to be "the owner and managing member of IDE Invest and Real Estate LLC" is alleged to have appeared before a New Jersey notary. *Id*. at 2.   Mysteriously nowhere in her affidavit is there any address or identification of Ms. Smith's residence or domicile, or that of IDE. *Id*. at 1–2. While Ms. Smith references that "ms van Essen-Hagen did not forward to any other member of IDE Invest and Real

---

[2] While generally applicable to summary judgment, this Court is concerned as to the overall reliability of Ms. Smith's affidavit, given that it does not appear to be based upon her personal knowledge and belief. *See Told v. Tig Premier Ins. Co.*, 149 F. App'x 722, 725–26 (10th Cir. 2005) (unpublished); *Sanchez v. State Farm Fire & Cas. Co.*, No. 14-CV-0433 MCA/RHS, 2015 WL 12864232, at *5 (D.N.M. Mar. 31, 2015) (applying same requirements on a Rule 12(b)(2) motion).

Estate LLC" the Plaintiff's Complaint, she does not indicate or represent where any other member(s) reside or, to the extent they exist, who they even are. Finally, the September 27, 2020, so-called "proxy" document IDE submits in support of their Reply (ECF No. 26) represents Ms. Smith's and IDE's addresses as 1309 Coffeen Avenue in "Sherdan [sic]", Wyoming. (ECF Nos. 26 at 3, 26-3 at 1–2 [Exh. 3A].) Simply put the only information before this Court suggests that IDE's members are citizens of the United States which enables this Court to exercise subject matter jurisdiction. Personal jurisdiction is an easier calculation, given the absence of any objection.[3]

A lack of personal jurisdiction is a "personal defense which may be asserted or waived by a party." *Williams v. Life Sav. & Loan*, 802 F.2d 1200, 1202 (10th Cir. 1986) (per curiam). Although untimely, IDE appeared in this matter but to date has not raised or asserted that the District of Wyoming lacks personal jurisdiction.[4] Moreover, at this point of the proceedings, a court cannot inquire into its personal jurisdiction and dismiss the case *sua sponte*. *Williams*, 802 F.2d at 1202. Even if it could, IDE has waived the defense by voluntarily appearing without objecting; IDE did not assert a lack of personal jurisdiction as a potential meritorious defense in its motion. *See id*. (stating "jurisdiction over a party may be conferred upon a court by . . . voluntary appearance of a party." (citation omitted)); *Travelers Cas. & Sur. Co. v. Unistar Fin. Serv. Corp.*, 35 F. App'x 787, 787 (10th Cir. 2002) (unpublished) ("Rule 12 not only contemplates the lodging of certain defenses at the earliest point in a lawsuit, *it mandates a waiver* of those defenses if not presented *at the first available opportunity*." (emphasis added)). Similarly, IDE cannot now attack

---

[3] While the issue does not appear to have been decided, another jurisdictional enigma presented in these cases is where none of the members are citizens of Wyoming and neither they nor the LLC conduct business or reside in Wyoming. This presents a due process, minimum contacts issue because, unlike a corporation the LLC's jurisdictional presence is limited to that of the members or where it is conducting business, not where it is formed.
[4] The absence of the assertion of this defense may be attributable to the conundrum that to raise the defense Defendant would have to identify IDE's member(s) and their place of citizenship. Again, to put it plainly, it is impossible to determine the citizenship of a Wyoming-formed LLC *unless* the LLC provides identification or information regarding its members.

the default judgment for improper venue. *See Williams*, 802 F.2d at 1202 ("[I]f a party is in default by failing to appear or to file a responsive pleading, defects in venue are waived, a default judgment may be validly entered and the judgment cannot be attacked collaterally for improper venue."). Thus, this Court has personal jurisdiction over Defendant and will turn to the merits of the motion.

## LEGAL STANDARD FOR RELIEF

Rule 60(b) of the Federal Rules of Civil Procedure sets forth the standard for setting aside a default judgment. "Relief under Rule 60(b) is extraordinary and may only be granted in exceptional circumstances." *Cashner v. Freedom Stores, Inc.*, 98 F.3d 572, 576 (10th Cir. 1996). A "district court has substantial discretion in connection with a Rule 60(b) motion." *Pelican Prod. Corp. v. Marino*, 893 F.2d 1143, 1146 (10th Cir. 1990). Rule 60(b) "'seeks to strike a delicate balance between two countervailing impulses: the desire to preserve the finality of judgments and the incessant command of the court's conscience that justice be done in light of *all* the facts.'" *Jennings v. Rivers*, 394 F.3d 850, 856 (10th Cir. 2005) (quoting *Cessna Fin. Corp. v. Bielenberg Masonry Contracting, Inc.*, 715 F.2d 1442, 1444 (10th Cir. 1983)).

Under Rule 60(b), the Court may relieve a party from final judgment for the following reasons: "(1) mistake, inadvertence, surprise, or excusable neglect . . . [or] (3) fraud . . . misrepresentation, or other misconduct of an adverse party." Fed. R. Civ. P. 60(b). "'[F]or purposes of Rule 60(b), "excusable neglect" is understood to encompass situations in which failure to comply with a . . . deadline is attributable to negligence.'" *Jennings*, 394 F.3d at 856 (quoting *Pioneer Inv. Servs. Co. v. Brunswick Assoc. Ltd. P'ship*, 507 U.S. 380, 394 (1993)). In a general sense: "[t]he ordinary meaning of 'neglect' is 'to give little attention or respect' to a matter, or, closer to the point for our purposes, 'to leave undone or unattended to *esp[ecially] through carelessness*.'" *Pioneer Inv. Servs. Co.*, 507 U.S. at 388 (quoting Webster's Ninth New

6

Collegiate Dictionary 791 (1983)). "The word [neglect] therefore encompasses both simple, faultless omissions to act and, more commonly, omissions caused by carelessness." *Id*.

In analyzing excusable neglect, the Court "must consider 'all relevant circumstances surrounding the party's omission.'" *Doran L. Off. v. Stonehouse Rentals, Inc.*, 678 F. App'x 733, 736 (10th Cir. 2017) (unpublished) (quoting *Pioneer Inv. Servs. Co.*, 507 U.S. at 395). Relevant circumstances include "(1) the danger of prejudice to the [nonmoving party], (2) the length of the delay and its potential impact on judicial proceedings, (3) the reason for the delay, including whether it was within the reasonable control of the movant, and (4) whether the movant acted in good faith." *Id*. at 736. Fault or the reason for delay is the most important factor, "which alone may preclude a finding of excusable neglect." *Id*. (citing *United States v. Torres*, 372 F.3d 1159, 1163 (10th Cir. 2004)). "Carelessness by a litigant or his counsel does not afford a basis for relief under Rule 60(b)(1)." *Pelican Prod. Corp.*, 893 F.2d at 1146. Further, the burden is on the moving party "to plead and *prove* excusable neglect." *Id*.

Apart from the burden to plead and prove justifiable grounds for relief permitted by Rule 60, the moving party must also demonstrate the existence of a meritorious defense. *In re Stone*, 588 F.2d 1316, 1319, 1322 (10th Cir. 1978). Where defendants have failed to establish justifiable grounds for relief under Rule 60, it is unnecessary to consider whether there is a meritorious defense. *See id*. at 1322; *White v. Cassey*, 30 F.3d 142 (Table), 1994 WL 395902, at \*1, \*3 (10th Cir. 1994) (unpublished).

## DISCUSSION

IDE seeks relief from the default judgment under Rules 60(b)(1) and 60(b)(3). The Court will address each in turn.

## Rule 60(b)(1): Excusable Neglect

First, IDE seeks relief from default judgment because of "excusable neglect" pursuant to Rule 60(b)(1). (ECF No. 20-1 at 2, 4–5.) IDE argues its basis for excusable neglect is due to the only person who received the Plaintiff's Complaint and summons being a Ms. Gemma van Essen-Hagen. (*Id.* at 5.) IDE argues the Complaint "was apparently received by her on or about March 26, 2022"[5] and "[d]ue to the nature of her apparent illness, Ms. van Essen-Hagen apparently did not either appreciate the importance of the documents she received or forgot about receiving them due to her terminal condition at the time." (*Id.*)

The owner and managing member of IDE, Lilly Sophie Smith, attests that Ms. van Essen-Hagen was IDE's sole employee and the only person at IDE's office in Veenendaal, Netherlands, from March 2022 until her death on June 6, 2022. (ECF No. 20-3 at 1 [Exh. 2].) Ms. Smith also claims that during this time, Ms. van Essen-Hagen was "ill" and "bedridden for several months from march 2022 [sic]" and passed away "after an intense sickbed." (*Id.* at 1–2.)[6]

IDE argues its lack of a timely responsive pleading is due to "the circumstances involving the only person in the Defendant's principal place of business at the time of service."[7] (*Id.*) IDE's argument is unavailing.

The Court first looks to IDE's proffered reason for delay and whether the delay in seeking relief was within the IDE's reasonable control. *See Jennings*, 394 F.3d at 856. It was. The parties agree that IDE was served through its registered agent, Cloud Peak Law, LLC, on April 26, 2022.

---

[5] Unless Ms. van Essen-Hagen received an advanced edition of the Complaint directly, the Court presumes this date was meant to read as "April 26, 2022."

[6] It is unclear how Ms. Smith is aware of the decedent's past conditions. Ms. Smith's affidavit does not indicate how she has such personal knowledge. The Court assumes, *arguendo*, what little is stated is based on Ms. Smith's knowledge as owner and managing member of IDE.

[7] Whether inadvertent or a misrepresentation, the Court notes IDE's statement here conflicts with the 2021 and 2022 LLC Annual Reports submitted by Plaintiff from the Wyoming Secretary of State's website. Those reports, as well as the LLC's initial filing with the WY Secretary of State, provide that the mailing address and the principal office address of the Defendant IDE is 1309 Coffeen Avenue in Sheridan, WY 82801. Under Wyoming law, "'Principal office' means the principal executive office of a limited liability company or foreign limited liability company, whether or not the office is located in this state." WYO. STAT. ANN. § 17–29–102(xvii).

Ashley Preston, of Cloud Peak Law Group, P.C.,[8] attests to forwarding the Plaintiff's Complaint and Summons to IDE at "the following email address: ideinvestandrealestate.com."[9] (ECF No. 20-2 at 1 [Exh.1].) Defendant's argument is premised on Ms. van Essen-Hagen having been the only one to have received the Plaintiff's Complaint and the Summons. This fails as an initial matter— service was made on IDE's registered agent. The same agent designated and chosen by IDE. Subsequent action or inaction taken by IDE's registered agent—which the Court notes is *a law firm*—and IDE's employee or employees (e.g. Ms. van Essen-Hagen), was within the selection and control of IDE. *See Doran L. Off.*, 678 F. App'x at 736 (noting Defendant's chosen registered address to receive service of lawsuit(s) was within Defendant's control); *Gripe v. City of Enid*, 312 F.3d 1184, 1189 (10th Cir. 2002) ("Those who act through agents are customarily bound by their agents' mistakes."); *White*, 1994 WL 395902, at *3 ("[E]ven where the blame lies with the attorney, the denial of 60(b) relief is not too harsh a result for a party, who freely selected the attorney as their agent.").

Ms. Smith, as sworn in her affidavit, states Ms. van Essen-Hagen was effectively confined to her home and bed from March 2022 until her death. (ECF No. 20-3 at 1–2.) Based on the

---

[8] Defendant's brief names IDE's registered agent as "Cloud Peak Law Group, LLC" (ECF No. 20-1 at 2) whereas the affidavit submitted by IDE from Ashley Preston states she is an employee of Cloud Peak Law Group, P.C. (ECF No. 20-2 at 1 [Exh. 1]). The Court recognizes the Summons issued lists "IDE Invest and Real Estate, LLC c/o *Cloud Peak Law, LLC*." (ECF No. 5 at 1 (emphasis added).) The executed summons states service of the Summons and Complaint was made on "Roesler Tasha, customer service representative of Cloud Peak Law, LLC, designated by law to accept service of process on behalf of IDE Invest and Real Estate, LLC." (ECF No. 6 at 1.) The discrepancies, inconsistencies and conflicts with the names and record herein, make this Court question the credibility of the information provided. To the extent these problems are the result of mistaken drafting, the Court finds such sloppiness throughout the submissions disappointing.

[9] The Court notes this address does not take the proper format of a standard email address and reads instead like a website domain name or web address. Ms. Preston does not provide a date that *Cloud Peak* forwarded the Summons and Complaint on—Ms. Preston only avers they were emailed "[u]pon receiving" them. There is no submission of the email sent by Cloud Peak and no evidence of receipt by IDE or Ms. van Essen-Hagen of Plaintiff's Complaint or the Summons. The Court struggles to understand how one may receive emails through a web address. There is only Ms. Smith's affidavit that "it appears" a person, now deceased, was the only one to have received the lawsuit from the registered agent. (ECF No. 20-3 at 1 [Exh. 2].) Further, it is not at all clear *how* or *when* precisely Ms. Smith found out about this lawsuit. *See* footnote 8 of this opinion.

arguments and evidence submitted by IDE, Ms. van Essen-Hagen was clearly bedridden *before* Plaintiff's Complaint and the Summons were even served on IDE's *registered agent*. Yet, during that period of time, there is no evidence IDE did anything to substitute or replace Ms. van Essen-Hagen, inquire about or manage lawsuits in Ms. van Essen-Hagen's absence, or have someone take over her responsibilities or just monitor her email. If IDE's proffered reason for delay is to be believed, then as the proclaimed owner and managing member of IDE, Ms. Smith presumably knows who and who is not in IDE's or her employee and their abilities. (*See* footnote 2 of this opinion.) It was IDE's internal decision to have Ms. van Essen-Hagen be the sole employee working at their [alleged] office in Veenendaal, Netherlands. *See In re Gourlay*, 465 B.R. 124, 132 (B.A.P. 6th Cir. 2012) ("It was [Defendant's] internal decision to have its chief operating officer work at a location other than its listed principal address."). IDE's failure to respond to Plaintiff's Complaint was not "due to circumstances which were beyond its reasonable control." *Torres*, 372 F.3d at 1162 (quoting *Pioneer*, 507 U.S. at 383–84). *See also In re Lang*, 305 B.R. 905, 910 (B.A.P. 10th Cir. 2004) (citing decisions by other circuits holding that mistakes by office staff do not constitute excusable neglect), *aff'd*, 414 F.3d 1191 (10th Cir. 2005); *United States v. $310,659.56 in U.S. Currency*, 92 F.3d 1197 (Table), 1996 WL 437395, at *1 (10th Cir. 1996) (unpublished) (affirming district court's denial to set aside default judgment, stating that "relying on someone other than their own counsel to represent their interests in the courts, [is] an unreasonable proposition at best."); *Ins. Co. of N. Am. v. S/S "Hellenic Challenger,"* 88 F.R.D. 545, 548 (S.D.N.Y. 1980) (evidence that employee misplaced complaint so that it never reached attention of appropriate authorities did not establish excusable neglect); *Lexington–Fayette Urb. Cnty. Hum. Rts. Comm'n v. Wal–Mart Stores, Inc.*, 111 S.W.3d 886, 890–91 (Ky. App. 2003) (holding tribunal's refusal to vacate default judgment was not abuse of discretion where

defendant's lack of participation resulted from defendant's own "internal corporate problem" and tribunal "properly held [defendant] duly accountable for an alleged breakdown within its own corporate structure"). The Court further finds curious IDE's argument that, "Ms. van Essen-Hagen apparently did not either appreciate the importance of the documents she received or forgot about receiving them due to her terminal condition at the time." (ECF No. 20-1 at 5.) Apart from questioning the choice of someone with such an alleged terminal condition that it results in misplacing of legal papers, it strains credulity that a party puts in charge (without any independent monitoring even of email) of handling legal matters an individual who cannot appreciate their importance.

Further, "default that is caused by the movant's failure to establish minimum procedural safeguards for determining that action in response to a summons and complaint is being taken does not constitute default through excusable neglect." *Gibbs v. Air Canada*, 810 F.2d 1529, 1537 (11th Cir. 1987). *See also Rogers v. Hartford Life & Acc. Ins. Co.*, 167 F.3d 933, 939 (5th Cir. 1999) (affirming a finding of no excusable neglect where a lack of minimum internal safeguards "was at least a partial cause of [defendant's] failure to respond"); *Park Corp. v. Lexington Ins. Co.*, 812 F.2d 894, 898 (4th Cir. 1987) (Haynsworth, J., concurring) ("Rule 60(b) relief was properly denied not because of the loss of the papers and not because the loss was unexplained but because [defendant] made no showing that it had in place reasonable internal controls designed to prevent or discover such losses."); *Zuelzke Tool & Eng'g v. Anderson Die Castings*, 925 F.2d 226, 229 (7th Cir. 1991) ("[W]here a party willfully, albeit through ignorance or carelessness, abdicates its responsibilities, relief from judgment under Rule 60(b) is not warranted."); *RDG Oil & Gas, LLC v. Jayne Morton Living Tr.*, 2014 WY 102, ¶ 25, 331 P.3d 1199, 1205 (Wyo. 2014) ("[F]ailure to attend to business is not excusable neglect."). Formation as an LLC in Wyoming does not exempt

IDE from *adequate* or at least, *minimum*, procedures or policies to ensure timely responses to lawsuits filed against it.[10]

     As previously stated, the burden of proving that any neglect was excusable is on the party seeking relief. *Pelican Prod. Corp.*, 893 F.2d at 1146. Here, IDE has not presented any evidence indicating that it has a reasonable policy in place to see that important mail is delivered to the appropriate personnel or that said policy was or was not followed here. *Cf. Owens–Illinois, Inc. v. T & N Ltd.*, 191 F.R.D. 522 (E.D. Tex. 2000) (finding the mislaid complaint was the result of an isolated human error, rather than a product of a systemic failure to establish minimum procedural safeguards). Either way, IDE's failure to respond appears to be the product of an internal decision to have *its registered agent* in Wyoming forward complaints for lawsuits to its sole, terminally ill, bedridden employee in an office in the Netherlands.[11] IDE's default was a result of a systemic failure to effectively handle service of process, despite knowing well in advance of the alleged health problems of its lone employee.

---

[10] The Court is aware of the boundless "flexibility" provided by the 2010 Wyoming Limited Liability Company Act. *See GreenHunter Energy, Inc. v. W. Ecosystems Tech., Inc.*, 337 P.3d 454, 461–62 (Wyo. 2014) (providing examples of the flexibility provided by the Act); WYO. STAT. ANN. §§ 17–29–101 *et seq.*; 2010 Wyo. Sess. Laws, ch. 94. The Court is also aware of the weak and problematic regulation of LLCs formed in Wyoming and their registered agents. *See* Debbie Cenziper et al., *The Gatekeepers Who Open America to Shell Companies and Secret Owners*, WASH. POST (Apr. 5, 2022), https://www.washingtonpost.com/business/interactive/2022/tax-havens-wyoming-pandora-papers/ ("In Wyoming, the owners of LLCs are not required to identify themselves . . . . In Wyoming, the number of LLCs has soared in the past decade from about 4,200 to more than 220,000, state data shows. . . . Wyoming registered agents acknowledge knowing little or nothing about the owners of companies they are paid to front, or what function those companies serve."); Debbie Cenziper & Will Fitzgibbon, *The 'Cowboy Cocktail': How Wyoming Became One of the World's Top Tax Havens*, WASH. POST (Dec. 20, 2021), https://www.washingtonpost.com/business/interactive/2021/wyoming-trusts-finance-pandora-papers/ ("Wyoming is now among the 10 least restrictive, most customer-friendly trust jurisdictions in the world. . . . Wyoming . . . [was] named in October by the European Parliament as [a] hub[] of 'financial and corporate secrecy.'"). LLCs formed in Wyoming are permitted to operate with utmost privacy and the bare minimum of oversight.

[11] Raising even more questions than answers is the existence of IDE's principal office address and mailing address listed locally in Sheridan, Wyoming, according to the 2021 and 2022 LLC Annual Reports submitted by Plaintiff (ECF Nos. 25-4, 25-5). The Court notes the Wyoming Secretary of State's website confirms the addresses listed as the principal and mailing address for IDE are in Sheridan, WY. *See* https://wyobiz.wyo.gov/Business/FilingDetails.aspx?eFNum=11802312222210148060088002021159099213024233049. There was no evidence submitted by IDE as to its principal office in Wyoming and whether it did or did not receive anything from the registered agent, also located in Sheridan, regarding this matter.

IDE's delay between learning that default judgment had been entered against it—which date itself is uncertain and not provided other than being sometime after default judgment was entered and after Ms. van Essen-Hagen died on June 6, 2022 (ECF No. 20-3 at 1 [Exh. 2])—and moving to set aside the default judgment is also concerning to the Court.[12] Judgment was entered against IDE on July 14, 2022. (ECF No. 13.) When Reomie sought post-judgment discovery, IDE made the deliberate choice to appear and seek the quashing of two subpoenas on August 13, 2022, instead of promptly seeking relief under Rule 60(b).[13] (*See* ECF Nos. 14, 15, 18.) IDE did not seek relief under Rule 60(b) until September 22, 2022. (ECF No. 20.) It is troubling that IDE and its counsel waited, at minimum, over a month to file a motion to set aside the default judgment. The Tenth Circuit has noted two months is a significant delay in these circumstances. *See Doran L. Off.*, 678 F. App'x at 736 ("Even after learning of the lawsuit, [Defendant] waited almost two months to move to set aside the judgment.").

The reason for delay is "perhaps the most important single factor-in determining whether neglect is excusable." *Torres*, 372 F.3d at 1163. Because of the heavy emphasis that is placed on the reason for the delay, it is unnecessary to consider other factors, such as whether IDE's conduct was in good faith, and the danger of prejudice to Plaintiff if the Court were to set aside the default judgment. At the very least, if considered, Plaintiff would undoubtedly be prejudiced to some

---

[12] The Court is not inattentive to the vagueness of Ms. Smith's affidavit. Ms. Smith attests to discovering Reomie's instant lawsuit "after ms van Essen-Hagen [sic] had passed and after a default judgment was entered against IDE." Without providing a date, Ms. Smith attests, "As soon as I became aware of the problems, I contacted Wyoming counsel to attempt to set aside the default judgement." (ECF No. 20-3 at 1 [Exh. 2].) Based on her statements, Ms. Smith may have learned of this lawsuit and the default judgment as early as July 15, 2022. While the timing is vague as to *when*, Ms. Smith is entirely silent on *how* she learned of this lawsuit.

[13] A party's prompt motion to set aside an *entry of default* may serve to mitigate culpability that may exist. *See Savin Corp. v. C.M .C. Corp.*, 98 F.R.D. 509, 51011 (N.D. Ohio 1983) (emphasis added) (finding that a mistake regarding the time to respond was not willful because the defendant "expeditiously moved to remedy his mistake"); *Jennings*, 394 F.3d at 857 (noting courts may take into account whether corrective action is promptly taken after discovering the mistake). Apart from the lesser standard that is applied to set aside a *clerk's entry of default* compared to a *default judgment*, *see Pinson v. Equifax Credit Info. Servs., Inc.*, 316 F. Appx. 744, 750 (10th Cir. 2009) (unpublished) (quoting *Dennis Garberg & Assocs., Inc. v. Pack-Tech Int'l Corp.*, 115 F.3d 767, 775 n.6 (10th Cir. 1997)), IDE clearly did not move promptly or expeditiously to remedy the default.

extent, given the increased difficulties in discovery, or an increased possibility of fraud or collusion due to the death of Ms. van Essen-Hagen. (*See* ECF No. 25 at 10–11.)

The Court finds IDE's conduct neglectful and careless, but not excusable.

## Rule 60(b)(3): Misrepresentations

Defendant also argues default judgment should be set aside because of Plaintiff's misrepresentations, under Rule 60(b)(3), largely regarding damages Reomie suffered. (*See* ECF No. 20-1 at 7–9, ECF No. 26 at 4–5.) IDE's arguments mainly serve as disputing or denying Plaintiff's allegations. The Court recognizes the alleged misrepresentations also seemingly serve to overlap with IDE's presentation of its alleged meritorious defenses.

"[T]he party relying on Rule 60(b)(3) must, by adequate proof, clearly substantiate the claim of fraud, misconduct or misrepresentation." *Zurich N. Am. v. Matrix Serv., Inc.*, 426 F.3d 1281, 1290 (10th Cir. 2005). IDE has failed to provide "clear and convincing proof" of fraud, misconduct, or misrepresentation that Plaintiff interfered "substantially" with the prior proceeding. *See id.* (stating moving party "must show 'clear and convincing proof' of fraud, misrepresentation, or misconduct" and "the challenged behavior must *substantially* have interfered with the aggrieved party's ability fully and fairly to prepare for and proceed at trial." (cleaned up)).

Defendant offers some evidence as conflicting or contradicting some of Plaintiff's claims. However, the Court is not persuaded these factual disagreements rise to the level of demonstrating fraud or misrepresentation by Plaintiff. IDE has not met its burden—factual disagreements do not automatically demonstrate misrepresentation by a party. Further, the alleged misrepresentations do not warrant the extraordinary relief contemplated by Rule 60(b) which would upend the finality of the judgment. *See Weese v. Schukman*, 98 F.3d 542, 552 (10th Cir. 1996) ("When alleging a

claim of fraud on the court . . . all doubts must be resolved in favor of the finality of the judgment.").

The Court finds IDE's carelessness, not any extraordinary circumstances, caused its default, and IDE has not shown its failure to file a timely responsive pleading was due to excusable neglect or grounds for relief under Rule 60(b)(3).

**Meritorious Defenses**

Having concluded that IDE has not shown grounds for relief under a provision of 60(b), the Court need not consider whether IDE has a meritorious defense. *See Otoe Cnty. Nat'l Bank v. W & P Trucking, Inc.*, 754 F.2d 881, 884 (10th Cir. 1985) (district court did not need to consider the merits of a defendant's proposed defense when defendant did not make a showing of mistake, inadvertence, or excusable neglect under Rule 60(b)(1)). *E.g.*, *United Specialty Ins. Co. v. Conner Roofing & Guttering, LLC*, 11-CV-0329-CVE-TLW, 2012 WL 1115766 (N.D. Okla. Mar. 28, 2012) (demonstrating where no finding of excusable neglect, district court did not analyze whether defendant had meritorious defense).[14]

**CONCLUSION**

Defendant IDE's Rule 60(b) motion attempts to have the Court set aside the Default Judgment entered against it. IDE, an LLC formed under Wyoming law, chose a law firm in Wyoming as its registered agent to receive service of lawsuits on its behalf. There is no dispute service was perfected on IDE's registered agent. IDE has an obligation to ensure appropriate action

---

[14] Nevertheless, even if the Court considered IDE's asserted defenses, they do not warrant setting aside the default judgment here. IDE "cannot rely on conclusory statements" in demonstrating that there is a meritorious defense. *Barta v. Long*, 670 F.2d 907, 909 (10th Cir. 1982). IDE's assertions are conclusory and do not set out factual bases or legal bases sufficient to establish their defense could be meritorious or in other words, if proven at trial, would constitute a complete defense. *See In re Stone*, 588 F.2d 1316, 1319, 1319 n.2, 1320 n.4 (10th Cir. 1978); 10A Charles A. Wright, Arthur R. Miller, & Mary Kay Kane, *Fed. Prac. & Proc. Civ.* § 2697 (4th ed., Apr. 2022 Update) ("The underlying concern is to determine whether there is some possibility that the outcome of the suit after a full trial will be contrary to the result achieved by the default.").

is subsequently taken. It did not. IDE failed to act with diligence and chose to operate carelessly. A less favorable interpretation is that IDE's choices and internal procedures—those which this Court can ascertain—demonstrate a willful decision to be neglectful. Regardless, IDE's choices and inaction are assuredly *not* excusable.

Taking account of all circumstances surrounding IDE's default, because nothing in Defendant's motion justifies the extraordinary relief provided by Rule 60(b) or setting aside the default judgment, THEREFORE, it is hereby

**ORDERED** that Defendant's *Motion to Set Aside Entry of Default and Default Judgment* (ECF No. 20) is **DENIED**.

DATED this <u>11</u><sup>th</sup> day of November, 2022.

Scott W. Skavdahl
United States District Judge